### RAYMOND ZWEERES
*vs.*
### MICHAEL PASHALINSKY, ET AL.

Superior Court      New Haven County      File No. 55999

MEMORANDUM FILED FEBRUARY 14, 1939.

*Alexander Winnick*, of New Haven, for the Plaintiff.

*Israel Poliner*, of Middletown; *Pond, Morgan & Morse*, of New Haven, for the Defendants.

BOOTH, J. The complaint contains two counts. The first count sets forth an action of negligence against the defendants, Michael Pashalinski and Lizzie Pashalinski. The second count reiterates the first count and sets forth in addition thereto an action against the two previously mentioned defendants and the defendant, Ruth Pashalinski, of conspiracy to defraud creditors of the defendant, Michael Pashalinski. In other words, the action of negligence is against two of the defendants and the action of conspiracy to defraud is against all three of the defendants.

It is urged that section 5512 of the General Statutes, Revision of 1930, which is the sole authority for joining causes of action under our system of pleading, prohibits such union except in actions of foreclosure where the several causes do not affect all of the parties to the action. The question thus becomes one of interpretation. The language of the statute has by judicial determination been extended to include any general situation the determination of which may have an influence

or bearing on the liability of a party. Suits against many persons under several liabilities, as in *Broderick vs. McGuire,* 119 Conn. 83 and in *Lewisohn vs. Stoddard,* 78 id. 575, have been held to neither violate this statutory prohibition nor to constitute misjoinder of parties. The view has been taken that the essence of the claim sought to be maintained is to be regarded as "to affect" all the parties if they are concerned in its outcome.

In this case the plaintiff's tort action for negligence must affect all the parties in this sense. The complaint thus conforms to the statute and the demurrer is overruled.